UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIRAN ZHANG, | Case No. 2:24-cv-1420-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE; FINDINGS AND RECOMMENDATIONS |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendant. | |

    Plaintiff commenced this action against defendant U.S. Citizenship and Immigration Services ("USCIS"), alleging that defendant has improperly delayed scheduling an interview in connection with plaintiff's application for political asylum. ECF No. 1. Plaintiff has filed a motion for default judgment. ECF No. 7. The record fails to demonstrate that defendant was properly served with a copy of the summons and complaint. Accordingly, I recommend that plaintiff's motion for default judgment be denied. I also order plaintiff to show cause why this action should not be dismissed for failure to timely complete service.

    Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). In deciding whether default judgment is appropriate, a court must first consider "the adequacy of the service of process on the party against whom default judgment is requested." *Bricklayers & Allied*

1

*Craftworkers Local Union No. 3 v. Palomino*, No. C-09-01589-CW (DMR), 2010 WL 2219595, at *2 (N.D. Cal. June 2, 2010). "Absent a showing that a defendant has adequately been informed of an action, it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend.'" *Downing v. Wanchek*, No. CIV S-07-1599 JAM EFB, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009) (quoting Fed. R. Civ. P. 55(a)). Under the Federal Rules, service on a federal agency, such as USCIS, is accomplished by delivering a copy of the summons and complaint to the U.S. Attorney for the Eastern District of California, and by sending a copy of the summons and complaint by registered or certified mail to both the agency and the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(2).

Plaintiff has filed a proof of service reflecting that a process server sent via certified mail a copy of the summons and complaint to the Office of the Chief Counsel for USCIS. ECF No. 5. There is, however, no indication that plaintiff sent a copy of the summons and complaint to the U.S. Attorney for this district or the Attorney General of the United States. Plaintiff has therefore failed to demonstrate that defendant was properly served, and plaintiff's motion for default judgment should be denied.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these

2

Rules, and all other applicable law."). Accordingly, plaintiff will be ordered to show cause why this action should not be dismissed for failure to timely serve defendant.

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

2. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

Further, it is RECOMMENDED that plaintiff's motion for default judgment, ECF No. 7, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 13, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3